77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. REYNOLDS, Plaintiff-Appellant,
v.
TELE-COMMUNICATIONS, INC., a Delaware corporation, Defendant-Appellee.
 No. 95-1077.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's decision granting defendant summary judgment on plaintiff's claims alleging defendant unlawfully terminated his employment on the basis of age and gender. We review a decision granting summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 3
 While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.
 
 
 4
 Wolf, 50 F.3d at 796 (citations omitted). Upon consideration of the record and the parties' appellate arguments, we affirm.
 
 I. TITLE VII
 
 5
 Plaintiff alleged a disparate treatment claim of reverse gender discrimination under Title VII, 42 U.S.C.2000e to 2000e-17, asserting that defendant terminated his employment because he was a white male.[2] Appellant's App. at 5. In granting defendant summary judgment on this claim, the district court determined that plaintiff had failed to allege a prima facie case of reverse gender discrimination because he failed to assert background circumstances that would support "the suspicion that the defendant ... was an unusual employer" who discriminates against the more favored group. Id. at 334.
 
 
 6
 One of the essential elements of a prima facie case of reverse discrimination, based upon circumstantial evidence, is that plaintiff assert such background circumstances. Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1533-34 (10th Cir.1995)(reviewing summary judgment determination); see also Sanchez v. Philip Morris Inc., 992 F.2d 244, 248 (10th Cir.1993). Plaintiff, however, failed to assert any evidence tending to establish background circumstances indicating that defendant discriminated against white males generally.
 
 
 7
 Alternatively, plaintiff could have established a prima facie case of reverse discrimination either by presenting "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff." Notari v. Denver Water Dep't, 971 F.2d 585, 589-90 (10th Cir.1992). Because plaintiff failed to assert evidence creating a genuine issue of fact supporting any of these alternative theories, summary judgment in favor of defendant was appropriate.
 
 II. ADEA
 
 8
 Plaintiff also alleged that defendant terminated his employment because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-634. The district court determined that, while plaintiff did establish a prima facie case of age discrimination, plaintiff failed to overcome defendant's asserted facially nondiscriminatory reason for terminating plaintiff's employment--that he was rude and insubordinate. Having asserted a facially nondiscriminatory reason for the termination,
 
 
 9
 it then [became] the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual--i.e. unworthy of belief. If the plaintiff succeeds in showing a prima facie case and presents evidence that the defendant's proffered reason for the employment decision was pretextual--i.e. unworthy of belief, the plaintiff can withstand a summary judgment motion and is entitled to go to trial.
 
 
 10
 Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir.1995)(addressing Title VII claim) (citation omitted).
 
 
 11
 The district court determined that plaintiff failed to assert any evidence establishing the existence of a genuinely disputed issue of fact that defendant's proffered reasons for his termination were pretextual. Following a careful review of the record, we agree.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED. Defendant's motion to strike plaintiff's brief filed on December 15, 1995, is GRANTED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 On appeal, plaintiff implies that he alleged a disparate impact claim under Title VII, see Appellant's Br. at 12, and a theory of retaliatory discharge under both statutes, see, e.g., id. at 10, 17. The record establishes, however, that plaintiff never pleaded or otherwise argued these specific causes of action before the district court. We, therefore, need not address those theories here. See, e.g., Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir.), cert. denied, 116 S.Ct. 57 (1995)